[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10213

Non-Argument Calendar

_____

CHRISTOPHER SCHROEDER,

Petitioner-Appellant,

*versus*

DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:18-cv-14473-JEM

_____

Before JORDAN, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Christopher Schroeder, a Florida prisoner serving a life sentence, appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus.  No reversible error has been shown; we affirm.

In 2010, the State of Florida charged Schroeder with burglary of a conveyance and with armed robbery.  Schroeder proceeded to trial.  The jury found Schroeder guilty of the charged offenses.  At sentencing, the state court judge -- Judge Peter Estrada -- sentenced Schroeder to life imprisonment.  Schroeder's convictions and sentence were affirmed on direct appeal.

In 2014, Schroeder moved for post-conviction relief under Fla. R. Crim. P. 3.850.  In pertinent part, Schroeder argued that his trial lawyer (L.M.) was ineffective for failing to move to disqualify Judge Estrada based on Judge Estrada's prior dealings with and personal knowledge about Schroeder.

When Schroeder was 14 or 15 years' old, Schroeder was arrested and charged with criminal mischief.  Judge Estrada -- who was then an Assistant State Attorney responsible for juvenile cases -- served as the prosecutor in Schroeder's case.  Around that same time, Schroeder's mother was enrolled as a student in a criminal law class taught by then-ASA Estrada at South Florida Community College.  Schroeder's mother says she spoke with Judge Estrada

about the pending criminal-mischief case and about Schroeder's mental health.

In 2000 -- when Schroeder was 17 years' old -- he was arrested for armed burglary of an occupied structure.  Judge Estrada was again the prosecutor assigned initially to Schroeder's case. Judge Estrada also had some involvement in the decision to "direct file" the case in adult court, after which a different prosecutor tried Schroeder.

The state habeas court held an evidentiary hearing on Schroeder's Rule 3.850 motion.  Several witnesses testified at the hearing, including Schroeder, two of Schroeder's trial lawyers, and Judge Estrada.

Schroeder's first trial lawyer (R.G.)[1] testified about the potential conflict with Judge Estrada.  R.G. said that he thought Judge Estrada's respect for Schroeder's mother (Judge Estrada's former student and a well-thought-of employee in the public defender's office) might have benefitted Schroeder.  R.G. also said he had considered the other judges that might be assigned to Schroeder's case (if Judge Estrada were recused) and said he believed Judge Estrada would be the best choice for the defense.

---

[1] R.G. represented Schroeder throughout most of the pre-trial proceedings but then developed a conflict of interest before trial.  A second lawyer was appointed to represent Schroeder and argued one of Schroeder's pre-trial motions.  L.M. was then appointed to represent Schroeder about 30 days before trial.

L.M. testified that he considered several factors before deciding not to move for recusal.  Based upon his experience with Judge Estrada and with the other judges who might be assigned to Schroeder's case (one of whom was the judge who had presided over Schroeder's 2000 burglary case), L.M. concluded that Schroeder would get the fairest trial with Judge Estrada.

The state habeas court denied relief on this ground.  The state court determined that L.M. made a strategic decision not to seek Judge Estrada's recusal.  About the reasonableness of that decision, the state court stressed that "two experienced defense attorneys expressed confidence in Judge Estrada's abilities and were not concerned about his impartiality when handling the case of an individual he prosecuted many years before, assuming he remembered that person at all."  The state appellate court affirmed summarily the denial of Schroeder's Rule 3.850 motion.

Schroeder then filed this federal habeas petition.  The district court dismissed the petition on the merits.  We granted a certificate of appealability on this issue: "Whether trial counsel was ineffective for failing to seek the recusal of the Honorable Peter Estrada."

When reviewing the district court's denial of a section 2254 habeas petition, "we review questions of law and mixed question of law and fact *de novo*, and findings of fact for clear error."  *See Rambaran v. Sec'y, Dep't of Corr.*, 821 F.3d 1325, 1330 (11th Cir. 2016).

Under 28 U.S.C. § 2254, when the merits of a habeas claim have been already adjudicated in state court, our review is highly deferential to the state court. *See Crowe v. Hall*, 490 F.3d 840, 844 (11th Cir. 2007). When -- as in this case -- the state appellate court affirms without an opinion, we "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale," and "presume that the unexplained decision adopted the same reasoning." *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

To obtain habeas relief, a petitioner must show that the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Crowe*, 490 F.3d at 844.

To prevail on a claim of ineffective assistance of counsel, a section 2254 petitioner must show that (1) his lawyer's performance was deficient and that (2) he suffered prejudice as a result of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first part of *Strickland*, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Our review of counsel's performance is "highly deferential": a "strong presumption" exists that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Whether a lawyer's "strategic or tactical decision is reasonable enough to fall within the wide range of professional competence is an issue of law" that we review *de novo*. *See Ferrell v. Hall*, 640 F.3d 1199, 1223 (11th Cir. 2011); *Kimbrough v. Sec'y, Fla. Dep't of Corr.*, 565 F.3d 796, 804 (11th Cir. 2009). Even when a lawyer's strategic decision, in hindsight, "appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). We have recognized that "[i]t is especially difficult to succeed with an ineffective assistance claim questioning the strategic decision of trial counsel who [was] informed of the available evidence." *See Nance v. Warden, Ga. Diagnostic Prison*, 922 F.3d 1298, 1302 (11th Cir. 2019).

When the deferential standard for judging a lawyer's performance is "combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Evans v. Sec'y, Fla. Dep't of Corr.*, 699 F.3d 1249, 1268 (11th Cir. 2012) (quotations omitted). "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." *Id.*

The record supports the state habeas court's conclusion that L.M. made a reasonable strategic decision not to seek Judge

Estrada's recusal.[2]  As an initial matter -- even if there might have been a valid legal basis under Florida law for recusal -- L.M. was not required to seek recusal.  *Cf. Schwab v. State*, 814 So. 2d 402, 411 (Fla. 2002) (rejecting an ineffective-assistance-of-counsel claim and concluding that the trial lawyer "made an informed tactical decision" not to seek recusal of the trial judge based on alleged bias).

L.M. knew about the pertinent facts, including Judge Estrada's earlier involvement prosecuting Schroeder's juvenile cases: activity that occurred over ten years before the criminal proceedings in this case.  After considering the potential for bias as well as L.M.'s knowledge about Judge Estrada and about the other judges most likely to replace Judge Estrada, L.M. concluded that Judge Estrada would be the most desirable option.  L.M.'s professional assessment about the advantages and disadvantages of seeking recusal and L.M.'s determination that Schroeder was better off proceeding with Judge Estrada (despite Judge Estrada's decade-old history with Schroeder) was not objectively unreasonable.  That R.G. came to a similar conclusion after considering the possibility of seeking Judge Estrada's recusal further supports the reasonableness of L.M.'s strategic decision.

Because Schroeder failed to demonstrate that L.M.'s performance was constitutionally deficient, he is unentitled to habeas relief.  The district court committed no error in determining that the

---

[2] Schroeder does not dispute that L.M.'s decision was one of strategy; Schroeder challenges only the reasonableness of L.M.'s decision.

state habeas court applied reasonably the *Strickland* standard.  We affirm the denial of Schroeder's 28 U.S.C. § 2254 petition.

AFFIRMED.